UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| J.C., *et al.*, <br> *as parents and next friend of A.C.*, <br><br> Plaintiffs, <br><br> v. <br><br> FAIRFAX COUNTY PUBLIC SCHOOLS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-cv-1504 (AJT/TCB) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiffs J.C. and C.C. ("Plaintiffs") Motion for Leave to File Third Amended Complaint (Dkt. 27) and Amended Motion for Leave to File Third Amended Complaint (Dkt. 31). Defendant Fairfax County Public Schools filed oppositions to Plaintiffs' motions (Dkts. 30, 33), and Plaintiffs replied in support of their first motion (Dkt. 32). Because neither party noticed the motions for oral argument, the Court determines that this matter is ripe for disposition. For the reasons explained below, the undersigned finds that Plaintiffs' motion and amended motion to amend the complaint should be denied.

I. BACKGROUND

Plaintiffs, proceeding *pro se*, filed the initial complaint in this action on December 8, 2020 pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, seeking reversal of the Hearing Officer's decision. (Dkt. 1.) On December 29, 2020, Plaintiffs, again proceeding *pro se*, filed an amended complaint prior to serving the original complaint on Defendant. (Dkt. 3.) Before Defendant responded to the amended complaint, Counsel for Plaintiffs entered an appearance on April 7, 2021. (Dkt. 17.) The following week, on

1

April 13, 2021, Plaintiffs filed, and the Court granted, their Consent Motion to File Second Amended Complaint. (Dkts. 18, 19.) Subsequently, Plaintiffs filed their Second Amended Complaint on April 21, 2021. (Dkt. 20.) Defendant filed its Motion to Dismiss Plaintiffs' Second Amended Complaint on May 11, 2021 and the matter is set for oral argument on June 17, 2021. (Dkt. 23.)

Rather than file an opposition to Defendant's motion to dismiss, Plaintiffs filed their Motion for Leave to File Third Amended Complaint on May 24, 2021, requesting to add detailed testimony of an expert witness that the Hearing Officer excluded. (Dkts. 27.) Defendant timely filed an opposition to Plaintiffs' motion on May 26, 2021. (Dkt. 30.) In its opposition, Defendant noted that Plaintiffs' motion was improper because it did not include a supporting memorandum pursuant to Local Civil Rule 7(F). *See* L. Civ. R. 7(F). Accordingly, Plaintiffs filed an amended motion on June 1, 2021 that included a supporting memorandum. (Dkt. 13.) Contemporaneously with the amended motion, Plaintiffs filed a reply in support of their initial motion. (Dkt. 32.) Defendant opposed Plaintiffs' amended motion on June 3, 2021. (Dkt. 33.) Plaintiffs and Defendant did not waive or notice this matter for a hearing, and the Court finds that oral argument will not aid the decisional process.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It is well-established that Courts "should freely give leave when justice so requires" if "the underlying facts or circumstances relied upon by the plaintiff [are] a proper subject of relief." *Id.*; *Singletary ex rel. N.M.M. v. Cumberland Cty. Schs.*, 2013 WL 46787, at *3 (E.D.N.C. Aug. 30, 2013) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)). A court should deny leave to amend,

however, when amendment would lead to "undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08cv288, 2009 WL 482474, at *2 (E.D. Va. Feb. 24, 2009) (*citing Forman*, 371 U.S. at 182.).

### III.   ANALYSIS

Plaintiffs' motions seek leave to amend the Second Amended Complaint to include "detailed facts of the expected testimony of an expert witness who was listed in the list of witnesses who would be called by the petitioners in the due process hearing." (Dkt. 27 at 1; Dkt. 37 at 1.) Plaintiff acknowledges, however, that "the Hearing Officer granted a motion to exclude that witness by the appellee in this case which ruling is challenged in both the Second Amended Complaint as well as in the proposed Third Amended Complaint." (*Id.*)

As an initial matter, the Court accepts Plaintiffs' initial motion to amend despite it being filed without an accompanying supporting memorandum of law.

Nevertheless, the Court finds that Plaintiffs' amendment to the Second Amended Complaint is not appropriate. The basis for Plaintiffs' proposed amendment is to include the detailed testimony of a witness that the Hearing Officer excluded. Plaintiff concedes that the Hearing Officer's decision to exclude this expert testimony "is challenged in the Second Amended Complaint[.]"[1] (Dkt. 27 at 1; Dkt. 31 at 1.) Upon review of Plaintiffs' Second Amended Complaint and proposed Third Amended Complaint, the Court finds that the Second Amended Complaint addresses the proper subject of review regarding the Hearing Officer's

---

[1] The Court notes the counsel filed the Second Amended Complaint, not Plaintiffs proceeding *pro se*.

decision to exclude the expert testimony at issue.[2] *See Forman v. Davis*, 371 U.S. 178, 182 ("If the underlying facts of circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim"). The detailed summary of this testimony is not a necessary nor proper amendment designed to cure a defect in the Second Amended Complaint.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' Motions (Dkts. 27, 31) are **DENIED**.

ENTERED this 9th day of June, 2021.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[2] Plaintiffs' own case law supports this proposition. *See J.P. ex rel. Peterson v. Cty Sch. Bd. of Hanover Cty, Va.*, 516 F.3d 254, 259 (4th Cir. 2008) ("When determining whether a hearing officer's findings were regularly made, our cases have typically focused on the *process* through which the findings were made"). Plaintiffs do not explain how additional facts detailing the excluded expert's actual testimony bear on the process the Hearing Officer used in making his decision.